[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12497
_____

D.C. Docket No. 8:09-cr-00585-SCB-TBM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIAN I. MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2013)

Before BARKETT and MARCUS, Circuit Judges, and HUCK,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Following a jury trial, Marian Morgan was convicted of one count of conspiracy to defraud the United States, seven counts of wire fraud, five counts of transfer of funds taken by fraud, six counts of engaging in a monetary transaction involving criminally derived property, and three counts of making false statements on income tax returns.  She received a total sentence of 420 months' imprisonment, below the advisory guideline range of 264 years.  Morgan appeals her conviction arguing that the district court erred by allowing the government to introduce evidence of her husband's guilty plea through the testimony of his attorney.  As to her sentence, she argues that it is substantively unreasonable and that the district court erred in applying three separate sentencing enhancements: (1) four levels for being an organizer or leader of criminal activity under U.S.S.G. § 3B1.1(a); (2) two levels for abuse of a position of trust under U.S.S.G. § 3B1.3; and (3) two levels for obstruction of justice under U.S.S.G. § 3C1.1.

Having carefully reviewed the parties' briefs and the record and having the benefit of oral argument, we find no reversible error in the district court's rulings with the exception of the application of the abuse of trust enhancement.  The evidence failed to establish that Morgan occupied a position of trust distinct from that which this Court has found inadequate to justify the abuse of trust enhancement.  The abuse of trust enhancement requires more than a showing of an

2

arms-length transaction or commercial relationship that one would find in any investment fraud case, which we find to be the situation here.

Under U.S.S.G. § 3B1.3, a two-level enhancement is applied if "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. In order for the abuse of a position of trust enhancement to apply, the government must establish that: (1) "the defendant held a place of private or public trust," (2) the victim conferred the trust, and (3) the defendant "abused that position in a way that significantly facilitated the commission or concealment of the offense." *United States v. Walker*, 490 F.3d 1282, 1300 (11th Cir. 2007).

In *United States v. Mullens*, 65 F.3d 1560, 1566-67 (11th Cir. 1995), where the defendant operated an elaborate Ponzi scheme that tricked investors into giving the defendant unfettered control over their funds, which were never invested, this Court held that the defendant did not occupy a position of trust simply by developing ordinary social relationships with some of his investors, and the abuse of trust enhancement did not apply.

Likewise in *United States v. Morris*, 286 F.3d 1291, 1292 (11th Cir. 2002), the conspirators obtained investors' funds by purporting to offer high-yield

investment opportunities and then using wire transfers to send the funds to other persons or entities.  One conspirator, Morris, represented himself as an attorney and professional trader and used these representations to encourage investors to transfer him their funds.  *Id.* at 1295-96.  Morris "contacted and maintained contact" with the investors directly and called one victim numerous times and falsely assured that the victim's money was on the way.  *Id.* at 1296.  We stated, "Morris may have abused the trust of the victims, but that is not the inquiry here. The initial question is whether or not Morris occupied a position of trust." *Id.* at 1297.  We held that although Morris may have used his status as an attorney to develop the trust of his victims and represented himself as a professional trader, more was required than control or discretion to justify the § 3B1.3 enhancement. *Id.* at 1298.  "Something more akin to a fiduciary function is required." *Id.* at 1299.  Thus, we held that the abuse of trust enhancement was improper. *Id.* at 1300.

Neither the PSI nor the district court identified any particular investor or group of investors with whom Morgan had any association, much less a bona fide relationship of private trust, other than to perpetrate MEH's investment fraud. While Morgan fraudulently induced the investors to trust her and MEH with their money, the government failed to establish that she abused a bona fide relationship of trust as contemplated by U.S.S.G. § 3B1.3.  *See Mullens*, 65 F.3d at 1567

4

("Fraudulently inducing trust in an investor is not the same as abusing a bona fide relationship of trust with that investor.").  Thus, the district court erred in applying the two-level enhancement for abuse of trust under U.S.S.G. § 3B1.3.

Accordingly, we hereby AFFIRM Morgan's conviction, and VACATE the sentence imposed and REMAND for resentencing.